UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

SHELISA HARRIS,
    Plaintiff,
-vs.-                                                           **DEMAND FOR JURY TRIAL**

21ST MORTGAGE CORPORATION,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Shelisa Harris, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is 21st Mortgage Corporation which is a Delaware company that maintains registered offices in Wayne County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Macomb County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt alleged owed by Plaintiff.

7. This is for a mortgage allegedly owed by Plaintiff in the amount of $55,232.57.

8. Defendant took over ownership and/or servicing of the Plaintiff's loan after she was in default.

9. Plaintiff has received a letter from the Defendant that does not comply with the Fair Debt Collection Practices Act.

10. Defendant is currently calling Plaintiff at least two times a day on her home and her cellular phone.

11. Sometime in either September or October of 2011, Plaintiff called Defendant back and spoke with a representative named Christina.

12. Sometime in either September or October, 2011, Christina has threatened to take Plaintiff's house. Since that time, Christina has threatened this to Plaintiff a number of times.

13. We have another letter from Defendant that was sent to Plaintiff dated November 4, 2011 which also fails to comply with the Fair Debt Collection Practices Act.

14. Plaintiff received a letter from Defendant dated November 29, 2011 stating, "A call from you is expected within 48 hours from the date of this notice…..YOUR PROMPT

ATTENTION TO THIS MATTER MAY PREVENT POSSIBLE LEGAL ACTION ON YOUR LOAN."

15. In this letter, the Defendant failed to disclose itself as a debt collector in this letter.

16. Plaintiff received another letter from Defendant dated December 8, 2011. In this letter, the Defendant made an illegal threat to the Plaintiff and also failed to disclose itself as a debt collector.

17. Sometime around the week of December 19, 2011, Defendant started sending Plaintiff text messages. We received one of these text messages and it just states, "Call 21st at 1-800-955-0021 ext. 1612." This text message does not say anything about Defendant being a debt collector.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

23. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

27. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

28. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

29. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

30. Plaintiff incorporates the preceding allegations by reference.

31. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

32. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

33. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

34. Plaintiff has suffered damages as a result of these violations of the MCPA.

35. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

January 16, 2012
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com